

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2005

# Simmons v. Ford Mtr Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2393

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Simmons v. Ford Mtr Co" (2005). *2005 Decisions.* Paper 1114.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1114

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2393
_____

MARLENE M. SIMMONS,

Appellant

v.

FORD MOTOR COMPANY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 02-cv-02146)
District Judge:  Honorable Anne E. Thompson
_____

Submitted Under Third Circuit LAR 34.1(a)
May 12, 2005

Before:  SLOVITER, FISHER and ALDISERT, *Circuit Judges*.

(Filed: May 31, 2005)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

In this product liability action, Marlene Simmons ("Simmons") seeks damages

arising from injuries she sustained when, upon exiting her Lincoln Navigator

(manufactured and distributed by Ford Motor Company ("Ford")), she was struck by that

vehicle when it spontaneously shifted out of park. Simmons appeals the District Court's entry of summary judgment as to her claim for strict liability for design defect. Ford moved for summary judgment and to exclude the testimony of Simmons' expert Clifford Anderson, P.E., for its failure to meet the threshold requirements for admissibility pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). After conducting a *Daubert* hearing, the District Court determined that although Anderson was qualified to testify, the proposed expert testimony failed to satisfy the reliability requirements of F.R.E. 702 and *Daubert.* In addition, the District Court determined that Simmons failed to satisfy her burden of providing a reasonable alternative design to the defect at issue pursuant to New Jersey's product liability law. See *Lewis v. American Cyanamid Co.*, 715 A.2d 967, 980 (N.J. 1998). Simmons subsequently requested that the District Court enter final judgment under Fed. R. Civ. P. 54(b) because the disqualification of her expert rendered her unable to sustain her burden at trial regarding the remaining breach of express warranty and failure to warn claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons that follow, we will affirm.

Because we write principally for the parties, who are familiar with the underlying facts, we need not recite them in detail here. Simmons argues that the Navigator was defective because its park gear became disengaged by releasing itself or not holding the proper position, causing the vehicle to roll backward. She contends that the vehicle was

in "false park," where a driver senses by feel and observation that she has placed the gear shift lever in park but the parking pawl does not land in the appropriate place in the transmission. This condition makes the vehicle susceptible to moving out of park into neutral or reverse and permits inadvertent movement of the vehicle to occur. To prove this theory of liability and her proposed alternative double wheel design regarding the alleged defect, Simmons relied on the opinions of Anderson, which were excluded from evidence. We apply an abuse of discretion standard when reviewing a trial court's decision to admit or exclude expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The District Court has broad discretion in determining the admissibility of evidence, and "considerable leeway" in determining the reliability of particular expert testimony under *Daubert*. *Kumho*, 526 U.S. at 152-53. Even where a witness is qualified to testify as an expert, as was Anderson, he may only testify if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the testimony evidences reasoning or methodology that properly can be applied to the facts in issue. F.R.E. 702; *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (1994). In assessing reliability, the District Court is guided by a number of factors including: (1) whether a method consists of testable hypotheses; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the techniques's operation; (5) whether the

3

method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness based on the methodology employed; and (8) the non-judicial uses to which the method has been put. *Calhoun v. Yamaha Motor Corp.*, 350 F.3d 316, 321 (3d Cir. 2003); *Paoli*, 35 F.3d at 742 n.8.

The District Court determined from both Anderson's report and his testimony at the *Daubert* hearing that the process by which he reached his conclusions was unreliable. *Calhoun*, 350 F.3d at 321. Specifically, the District Court determined that he failed to provide a testable hypothesis and was never able to duplicate a scenario where the weight of the vehicle in combination with false park caused the vehicle to move; the method he utilized was not subject to peer review; he failed to produce any material or data from which a potential rate of error could be gathered; he had not established that he had used any standards when conducting his tests; and there was no assertion that he utilized a generally accepted method for determining false park.

Despite Simmons' arguments to the contrary, Anderson's conclusions derive from subjective observations and methodologies, thus failing to meet the reliability requirements of F.R.E. 702 and *Daubert*. *Kumho Tire*, 526 U.S. at 154-55. Although he opined that the vehicle was in false park when Simmons exited the vehicle, he could not identify why the car disengaged from park. Anderson admitted that he could not replicate the movement that caused Simmons' injuries and that he arrived at two theories why the

movement occurred simply because he could not come up with any other causes of the movement. Anderson posited that Simmons' vehicle rolled backwards either due to Simmons' inadvertent shifting of gears upon exiting the vehicle or due to the weight of the vehicle combined with Simmons' movement. The former theory lacks evidentiary support. Simmons testified that the vehicle was placed in park, turned off, and exited by her before the spontaneous movement occurred. As to the latter theory, Anderson could not duplicate the movement experienced by Simmons. Further, when he accomplished movement by hitting the gear shift out of park, the vehicle rolled too fast to permit his exit from the vehicle.

As to whether Simmons provided sufficient evidence of a reasonable alternative design, we conclude that the District Court correctly ruled that she had not met her burden in this regard. Under New Jersey law, a plaintiff claiming that a product is defectively designed bears the burden of proving that a practical and feasible alternative design would have reduced or prevented the harm. *Lewis*, 715 A.2d at 980. The District Court must initially determine whether sufficient evidence has been presented to permit a reasonable factfinder to conclude that a reasonable alternative design could have been adopted. *H.T. Rose Enter., Inc. v. Henny Penny Corp.*, 722 A.2d 587 (N.J. Super. 1999). Here, the District Court properly exercised its discretion in determining that the testimony offered by Anderson failed to meet the threshold for admissibility. The proposed alternative was nothing more than a sketch without a mock-up or testing of the design.

5

Nor could Anderson affirm that the proposed alternative design was in use by any vehicle manufacturer or that any manufacturer had eliminated the possibility of false park in the design of vehicles with automatic transmissions. Anderson offered only his unsubstantiated belief as to what would be a feasible alternative design. Absent data or evidence to support such a conclusion, however, we conclude that the District Court properly exercised its discretion in excluding Anderson's testimony. See *H.T. Rose*, 722 A.2d at 595-97; *Smith v. Keller Ladder Co.*, 645 A.2d 1269, 1272 (N.J. Super. 1994).

We have considered all of the arguments of the parties and conclude that no further discussion is necessary. For the foregoing reasons, we will affirm the judgment of the District Court.